
FILED
CLERK, U.S. DISTRICT COURT
NOV 15 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOYRIEON SESSIONS,

    Defendant.

Case No. CR 17-767(A)-AB

ORDER OF DETENTION

I.

On November 9, 2018, Defendant made his initial appearance on the First Superseding Indictment in this matter. FredRicco McCurry, a member of the indigent defense panel, was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to November 15, 2018 at 10:00 a.m.,

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Defendant fled from arresting agents
- ☒ criminal history includes probation violation and DMV suspension and failure to appear
- ☒ Insufficient Bail Resources. Given the unrecovered funds from the robbery the Court finds the proposed sureties who are willing to post unjusitfied appearance bonds to be insufficient.
- ☒ Alleged offense conduct was committed during a time when Defendant was on active supervision
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ allegations in the first superseding indictment which charges defendant with armed robbery of a credit union and use of a firearm to gain access to the vault and intimidate employees. Over $300.000 was taken from the vault and according to the government, a significant amount of the robbery proceeds have not been recovered. The Court notes that, given Defendant's criminal history, it was unlawful for him to possess any firearms.
- ☒ Criminal History includes felony assault with a deadly weapon one or two convictions for introducing contraband into a prison, and probation violation.
- ☒ firearms, cash, false identification and programmable credit cards were found at defendant's residence

2

These factors suggest that Defendant has little or no regard for the law and would not likely abide by any conditions set by the Court.

☒    Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: November 15, 2018          /s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE